UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANDREW L. HADDOCK, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 1:16-CV-185 (CEJ) |

**MEMORANDUM**

Before the Court is the motion of Andrew L. Haddock to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255. The United States has not filed a response.

**I. Background**

Haddock pleaded guilty to being a felon in possession of a firearm and ammunition (Counts 1 and 3), in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), and possession of a firearm during and in relation to a drug trafficking crime (Count 4), in violation of 18 U.S.C. § 924(c)(1)(A)(i). He was sentenced to concurrent 46-month terms of imprisonment on Counts 1 and 3, and a consecutive 60-month term on Count 4. At sentencing, the Court determined that Haddock's base offense level was 24 because he had he had two prior felony convictions for a "crime of violence" or a controlled substance offense. *See* U.S.S.G. § 2K2.1(a)(2).[1]

---

[1] Section 4B1.2(a) provides that a crime of violence is a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or that is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm as defined in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. §

## II. Discussion

Haddock argues that the Court should vacate his sentence because his sentencing enhancement is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness. The holding in *Johnson* is inapplicable here because Haddock was not sentenced under the ACCA.

In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Court held that the Sentencing Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause, and more specifically, that the "crime of violence" clause of U.S.S.G. § 4B1.2(a) is not void for vagueness. Because Haddock's sentencing enhancement was imposed under the Sentencing Guidelines, not under the residual clause of the ACCA, his argument fails.

***

For the reasons discussed above, the Court concludes that Haddock is not entitled to relief under 28 U.S.C. § 2255 based on the claim he asserts in the motion and amended motion to vacate. Therefore, the motions will be denied without a hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the Court finds that Haddock has not made a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability will be issued. *See* 28 U.S.C. § 2253.

---

841(c)." Section 4B1.2(b) defines a controlled substance offense as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

An order consistent with this Memorandum will be entered separately.

                                                                                                        _____  
                                                                                                        CAROL E. JACKSON  
                                                                                                        UNITED STATES DISTRICT JUDGE

Dated this 13th day of July, 2017.